IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TROY CABIBI,<br><br>              Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>              Defendant. | **MEMORANDUM DECISION AND ORDER DISMISSING SECTION 2255 MOTION**<br><br>Case No. 2:16-cv-00231-DN<br><br>Judge David Nuffer |

On January 28, 2016, Troy Cabibi filed the instant Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (the "Motion").[1] In the criminal case to which the Motion applies, Mr. Cabibi pleaded guilty to three charges: (1) assaulting a federal officer; (2) discharging a firearm during a crime of violence; and (3) possession of a firearm by a convicted felon.[2] He was sentenced to 240 months in prison[3] and did not appeal his sentence.

This is Mr. Cabibi's second Section 2255 motion for the same sentence.[4] Mr. Cabibi previously filed a Section 2255 motion on January 3, 2013, arguing that his sentence should be vacated for ineffective assistance of counsel and based on unspecified new evidence.[5] That prior Section 2255 motion was denied.[6]

---

[1] Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, Docket no. 1, filed Jan. 28, 2016.

[2] *United States v. Cabibi*, 2:10-cr-01024-DN, Statement in Advance of Plea, ECF No. 77.

[3] *Id.*, Minute Entry for Proceedings Held before Judge David Nuffer, ECF No. 81.

[4] *Id.*, Notice of Filing Motion to Vacate under 28 U.S.C. 2255, ECF No. 86.

[5] *Cabibi v. United States*, 2:13-cv-000006-DN, Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, Filing no. 1, filed Jan. 3, 2013.

[6] *Id.*, Memorandum Decision and Order Denying Motion to Vacate, Filing no. 11, entered Apr. 22, 2015.

Under Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a party filing a second 2255 petition must obtain an order from the appropriate court of appeals—in this case, the Tenth Circuit—authorizing the district court to consider the motion.[7]  A successive Section 2255 motion requires certification from the court of appeals that the motion is based upon: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.[8]

Mr. Cabibi has not obtained an order from the Tenth Circuit with the requisite certification authorizing the district court to consider the Motion.  Absent such certification, the district court lacks subject matter jurisdiction to decide the merits of the motion.[9]  When a movant files a successive 2255 motion without obtaining the appropriate certification from the Tenth Circuit, the district court has two options.  The court may (1) transfer the motion to the Tenth Circuit pursuant to 28 U.S.C. § 1631 so that the appropriate panel may determine whether to certify the successive petition or (2) dismiss the petition for lack of jurisdiction.[10]  In deciding whether to transfer the motion pursuant to 28 U.S.C. § 1631, district courts must assess whether the interests of justice support the transfer.[11]  The Tenth Circuit has discouraged district courts

---

[7] Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 9; 28 U.S.C. § 2255(g).

[8] *U.S. v. Wetzel-Sanders*, 805 F.3d 1266, 1268-69 (10th Cir. 2015) (citing 28 U.S.C. § 2255(h)(1) & (2)).

[9] *Wetzel-Sanders*, 805 F.3d at 1269.

[10] *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam).

[11] *Id.*; 28 U.S.C. § 1631.

from automatically transferring successive Section 2255 motions without engaging in an interests of justice analysis.[12]

Factors considered in deciding whether a transfer is in the interest of justice include (1) whether the claims would be time barred if filed anew in the proper forum; (2) whether the claims alleged are likely to have merit; and (3) whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.[13] These factors weigh in favor of dismissing Mr. Cabibi's Motion for lack of jurisdiction rather than transferring the Motion to the Tenth Circuit.

Dismissing this Motion without prejudice is not likely to affect whether Mr. Cabibi's claims would be time barred if filed anew in the proper forum.[14] Section 2255 imposes a one-year limitation on motions from the latest of (1) the date on which the judgment becomes final, (2) the date on which a government-caused impediment to making the motion is removed, (3) the date on which a newly recognized right asserted by the movant is recognized by the Supreme Court, or (4) the date on which facts supporting the movant's claim could have been discovered through the exercise of due diligence.[15] Judgment was entered against Mr. Cabibi on October 9, 2012,[16] more than three years and three months before the Motion was filed, and he has not shown a different statute of limitations applies. Mr. Cabibi has relied upon materials and

---

[12] *See Cline*, 531 F.3d at 1251.

[13] *Id.* (citing *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006)).

[14] *Id.*

[15] 28 U.S.C. § 2255(f).

[16] *United States v. Cabibi*, Amended Judgment, ECF No. 85, entered Oct. 9, 2012.

information created and available to him by no later than the time of his prior 2255 Motion, which was decided on April 22, 2015.[17]

If the Motion is not barred by the statute of limitations, it nonetheless likely lacks merit.[18] Mr. Cabibi argues that his counsel was ineffective because counsel's advice to accept a plea agreement rather than risk a higher sentence at trial amounted to coercion.[19] Similar arguments from Mr. Cabibi about ineffective assistance of counsel were alleged and rejected in his prior Section 2255 motion.[20]

The "good faith" factor also weighs in favor of dismissal. As the Tenth Circuit explained in *Cline*, "the second or successive authorization requirements are no longer new, and it is by now well-established that under the plain language of [28 U.S.C. §2255(h)], prisoners must first obtain circuit-court authorization before filing a second or successive habeas claim in district court."[21]

Addressing the merits of the Motion would be improper without subject matter jurisdiction.[22] The interests of justice are better served by dismissal rather than transfer of an untimely, duplicative, uncertified motion to the Tenth Circuit.

---

[17] Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, Docket no. 1, filed Jan. 28, 2016.

[18] *Cline*, 531 F.3d at 1251.

[19] Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, Docket no. 1, filed Jan. 28, 2016, pp. 3–6.

[20] *Cabibi v. United States*, 2:13-cv-000006-DN, Memorandum Decision and Order Denying Motion to Vacate, Filing no. 11, entered Apr. 22, 2015.

[21] *Cline*, 531 F.3d at 1252.

[22] *Wetzel-Sanders*, 805 F.3d at 1269.

THEREFORE, IT IS HEREBY ORDERED that Mr. Cabibi's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody[23] is DISMISSED. The clerk is directed to close the case.

Signed May 4, 2017.

BY THE COURT

David Nuffer
United States District Judge

---

[23] Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, Docket no. 1, filed Jan. 28, 2016.